IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

CHAD JEREMY ADAMS,                )
                                  )
         Plaintiff,               )
                                  )
                                  )   CIV-07-1113-D
v.                                )
                                  )
MUSTANG POLICE DEPARTMENT,        )
    et al.,                       )
                                  )
         Defendants.              )

## SUPPLEMENTAL REPORT AND RECOMMENDATION

Plaintiff, a state prisoner appearing *pro se* and *in forma pauperis*, brings this civil rights action pursuant to 42 U.S.C. §1983. In his Complaint filed October 2, 2007, Plaintiff seeks damages for alleged constitutional deprivations and a violation of the Americans with Disabilities Act stemming from his encounter in April 2006 with several officers of the City of Mustang Police Department named as Defendants herein ("MPD Officers"), which resulted in his detention and transport by MPD Officers to Defendant Integris Canadian Valley Regional Hospital ("Hospital")[1] for mental health treatment, the treatment he received at the Hospital in April 2006, and criminal charges being filed against Plaintiff in the District Court of Canadian County, Oklahoma. The matter has been referred to the undersigned

---

[1] This Defendant was identified by Plaintiff as Canadian Valley Hospital. However, this Defendant has answered the Complaint and filed a dispositive motion indicating that the proper name of this entity is Integris Canadian Valley Regional Hospital. Therefore, the proper name for the Defendant has been substituted for the name of the Defendant set forth in the Complaint.

Magistrate Judge for initial proceedings consistent with 28 U.S.C. §636(b)(1)(B).

Previously, Defendants Canadian County District Attorney's Office ("DA's Office") and Paul Hesse, an Assistant District Attorney for Canadian County ("ADA Hesse") moved to dismiss the cause of action, and Defendant Integris Canadian Valley Regional Hospital ("Hospital") moved to dismiss or alternatively moved for summary judgment. In a Report and Recommendation entered August 29, 2008, the undersigned recommended that Defendants DA's Office and ADA Hesse be dismissed from the cause of action, that Plaintiff's malicious prosecution claim in count one, including the claims of conspiracy to maliciously prosecute Plaintiff, be dismissed as to all Defendants, that Plaintiff's claim for a violation of the Americans with Disabilities Act be dismissed as to all Defendants, and that Defendant Hospital's Motion for Summary Judgment be denied.

Before the undersigned is the Motion to Dismiss or in the alternative Motion for Summary Judgment filed on June 6, 2008, by Defendant Canadian County. (Doc. # 70). Although Plaintiff was advised of his obligations in responding to this dispositive motion and, at his request, was granted an extension of time to respond, to this date Plaintiff has not responded to Defendant Canadian County's dispositive motion or properly requested a further extension of time to do so.[2]

Defendant Canadian County's motion relies on matters outside of the pleadings and is therefore construed as a motion for summary judgment. Fed. R. Civ. P. 12(d). Plaintiff's

---

[2] A "Motion for Order" filed by Plaintiff on July 15, 2008, was stricken for procedural deficiencies.

failure to respond to Defendant Canadian County's dispositive motion could, in the exercise of the Court's discretion, prompt a sanction, including the dismissal of Plaintiff's action with prejudice or the entry of judgment against the Plaintiff. Issa v. CompUSA, 354 F.3d 1174, 1178 (10th Cir. 2003).  However, a federal district court may not grant summary judgment pursuant to local procedural rules without conducting the determination required by Fed. R. Civ. P. 56(c).  Reed v. Nellcor Puritan Bennett, 312 F.3d 1190, 1193 (10th Cir. 2002).  The litigant who fails to respond to a motion for summary judgment may nevertheless, consistent with local procedural rules, waive the right to controvert the facts asserted as undisputed in a motion for summary judgment. Id. at 1195.  Accordingly, the undersigned will undertake the requisite Rule 56 analysis.

Summary judgment may be granted only where the pleadings and any supporting documentary materials "show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c).  In considering a motion for summary judgment, the court reviews the evidence and inferences drawn from the record in the light most favorable to the nonmoving party.  Jiron v. City of Lakewood, 392 F.3d 410, 414 (10th Cir. 2004).  A dispute is "genuine" if a reasonable jury could return a verdict for the nonmoving party.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). "Material facts" are "facts which might affect the outcome of the suit under the governing law." Id. Additionally, if the moving party demonstrates an absence of evidence regarding an issue on which the nonmoving party will bear the burden of proof at trial, the nonmoving party can defeat summary judgment only by designating with evidence

outside of the pleadings "specific facts showing that there is a genuine issue for trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). A special report[3] is treated as an affidavit, and the plaintiff's complaint is treated as an affidavit as well if it alleges facts based on the plaintiff's personal knowledge and has been sworn under penalty of perjury. Hall v. Bellmon, 935 F.2d 1106, 1111 (10th Cir. 1991).

In his Complaint, Plaintiff alleges that Defendant Canadian County is liable to Plaintiff for damages under 42 U.S.C. § 1983 because Defendant Canadian County "supervises Mustang Police Departments [sic] training and supervision of police officers, training in dealing with mentally ill individuals, and use of TASER, OVERSEES, and approves of District Attorneys [sic] malicious prosecution of individual with mental impairment, and approves of dealing and handling of 'charges filed' upon epileptic individual, known to police to be epileptic suffer [sic] overdose on the day of this incident from epileptic medication. [Illegible] a deliberate indifference to epileptic." Complaint, at 2 (back of page). Plaintiff also contends that Defendants "Mustang Police Department, City of Mustang, Canadian County, OK [and] District Attorneys Office, have all allowed 'prosecution' to continue to be pursued in this matter to 'cover-up' the actions committed by Mustang Police Department against Plaintiff." Complaint, at 2. No other allegations concerning Defendant Canadian County are contained in Plaintiff's Complaint.

---

[3]In Martinez v. Aaron, 570 F.3d 317 (10th Cir. 1978), the Tenth Circuit Court of Appeals established guidelines for the filing of a special report by the appropriate prison or jail authorities elucidating the factual background and subject matter of prisoners' civil rights complaints.

It is not disputed[4] that Defendant Canadian County, acting through its Board of County Commissioners, is not involved with, nor does it have any authority over, the governmental entities of the City of Mustang or the City of Mustang Police Department, including the hiring, firing, training or supervision of City of Mustang employees or City of Mustang Police Department officers and employees.[5]  It is also not disputed that Canadian County, acting through its Board of County Commissioners, is not involved with, nor does it have any authority over, the day to day operations of the Canadian County District Attorney's Office or the prosecutorial decisions of the Canadian County District Attorney's Office.

Plaintiff alleges that Defendant Canadian County is liable to him for damages merely because Defendant Canadian County supervises other municipal employees and entities. However, "[s]ection 1983 ... rejects the tort principle of *respondeat superior* and does not subject municipalities to vicarious liability for the acts of their employees; municipal taxpayers are liable only for the municipality's own misdeeds." Milligan-Hitt v. Board of Trustees of Sheridan County School Dist. No. 2, 523 F.3d 1219, 1223 (10th Cir. 2008).  In order for Plaintiff to state a claim under 42 U.S.C. § 1983 against Canadian County, Plaintiff must show that Canadian County's allegedly unconstitutional actions resulted from a policy

---

[4] Because of Plaintiff's failure to timely respond to Defendant Canadian County's Motion for Summary Judgment, all material facts set forth in the Motion are deemed admitted for the purpose of resolving the Motion. LCvR 56.1(c).

[5] By Oklahoma statute, Canadian County acts legally through its board of county commissioners. Okla. Stat. tit. 19, § 4.

or custom adopted or maintained with deliberate indifference to his constitutional rights. Monell v. New York City Dep't of Social Servs., 436 U.S. 658, 690, 690 n. 55 (1978). Under this standard, Plaintiff must identify a "policy" or "custom" that caused his injury. Board of County Com'rs of Bryan County v. Brown, 520 U.S. 397, 403 (1997). As the Supreme Court has explained, "it is not enough for a § 1983 plaintiff merely to identify conduct properly attributable to the municipality. The plaintiff must also demonstrate that, through its *deliberate* conduct, the municipality was the 'moving force' behind the injury alleged. That is, a plaintiff must show that the municipal action was taken with the requisite degree of culpability and must demonstrate a direct causal link between the municipal action and the deprivation of federal rights." Id. at 404 (emphasis in original).

Plaintiff has not identified a policy adopted by a duly constituted legislative body of Canadian County which resulted in a constitutional violation. See id. at 403-404 ("Locating a 'policy' ensures that a municipality is held liable only for those deprivations resulting from the decisions of its duly constituted legislative body or of those officials whose acts may fairly be said to be those of the municipality."). Nor has Plaintiff identified a custom that "is so widespread as to have the force of law" in connection with the claims alleged in the Complaint. Id. at 404. Liability on the part of Defendant Canadian County may also be shown by "actions taken by a municipality's final policymakers ..." Simmons v. Uintah Health Care Special Dist., 506 F.3d 1281, 1285 (10th Cir. 2007). Plaintiff has not alleged that a final policymaker for Canadian County "specifically directed the action resulting in the deprivation" of Plaintiff's constitutional rights. Brown, 520 U.S. at 406. Because it is not

disputed that Canadian County is not responsible for training City of Mustang employees or police officers, there is no question of fact for trial with respect to Plaintiff's allegation in his Complaint that Canadian County is liable for its "training and supervision" of Mustang police officers. See Canton v. Harris, 489 U.S. 378, 387 (1989)(recognizing that "inadequate training" claim could be basis for § 1983 liability in "limited circumstances"). Viewing the undisputed facts in the light most favorable to the Plaintiff, Plaintiff has not alleged specific facts showing there is a genuine issue for trial, and Defendant Canadian County is entitled to judgment as a matter of law. Accordingly, Defendant Canadian County's Motion for Summary Judgment should be granted.

Defendant Canadian County's remaining grounds for dismissal of Plaintiff's claims against it under the Americans with Disabilities Act and for conspiracy need not be addressed in consideration of the Report and Recommendation entered August 29, 2008, and the findings and recommendation therein with respect to these claims.

## RECOMMENDATION

Based on the foregoing findings, it is recommended that Defendant Canadian County's Motion for Summary Judgment (Doc. # 70) be GRANTED and that judgment enter in favor of Defendant Canadian County and against the Plaintiff. Plaintiff is advised of his right to file an objection to this Supplemental Report and Recommendation with the Clerk of this Court by        October 8th        , 2008, in accordance with 28 U.S.C. § 636 and LCvR 72.1. The failure to timely object to this Supplemental Report and Recommendation

would waive appellate review of the recommended ruling. <u>Moore v. United States</u>, 950 F.2d 656 (10th Cir. 1991); <u>cf.</u> <u>Marshall v. Chater</u>, 75 F.3d 1421, 1426 (10th Cir. 1996)("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived.").

This Supplemental Report and Recommendation partially disposes of the issues referred to the undersigned Magistrate Judge in the captioned matter.

ENTERED this   18th   day of    September   , 2008.

GARY M. PURCELL
UNITED STATES MAGISTRATE JUDGE