IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CHAD JEREMY ADAMS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-07-1113-D |
| | ) |
| MUSTANG POLICE DEPARTMENT, | ) |
| *et al.*, | ) |
| | ) |
| Defendants. | ) |

**O R D E R**

This matter is before the Court for review of the Report and Recommendation issued August 29, 2008, pursuant to 28 U.S.C. § 636(b)(1)(B)-(C). United States Magistrate Judge Gary M. Purcell recommends the dismissal of Defendants Canadian County District Attorney's Office and Assistant District Attorney Paul Hesse and the dismissal of Plaintiff's § 1983 claims of malicious prosecution and claims asserted under the Americans with Disabilities Act against all defendants. Judge Purcell further recommends, however, that Plaintiff's § 1983 claim of deliberate indifference to serious medical needs against Defendant Canadian Valley Regional Hospital not be dismissed.

Plaintiff, who appears *pro se*, has not filed a timely objection nor requested additional time to object. Thus, the Court finds that Plaintiff has waived further review of all issues addressed in the Report. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *see also United States v. 2121 East 30th Street*, 73 F.3d 1057, 1060 (10th Cir. 1996). For this reason, the Court will adopt without further review the recommended rulings of Judge Purcell that are adverse to Plaintiff.

Defendant Canadian Valley Regional Hospital has filed a timely objection to the Report, opposing Judge Purcell's recommended decision regarding Plaintiff's claim against it. Defendant Hospital does not object to Judge Purcell's recommendation that the motion to dismiss be treated

as a motion for summary judgment, but does object to a finding that the facts support a § 1983 claim for denial of medical care. Defendant Hospital relies on the fact Plaintiff received treatment for his medical conditions to argue that the facts do not establish the essential elements of a constitutional claim.[1] With regard to the specific issues raised by Defendant's objection, the Court must make a *de novo* determination, and may accept, modify, or reject the recommended decision in whole or in part. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

Upon independent review of the facts shown by the summary judgment record, the Court concurs in Judge Purcell's finding that Defendant Hospital has failed to demonstrate its entitlement to a judgment as a matter of law. Plaintiff's § 1983 claim against Defendant Hospital is not that he received improper medical treatment for his drug overdose and suicide attempt but that he was restrained for three days in 4-point metal restraints. The record shows that Mustang police officers responded to an emergency call from Plaintiff's wife on April 4, 2006, placed him in handcuffs and ankle restraints, and transported him by ambulance to the hospital in restraints. Due to Plaintiff's behavior, the attending physician directed that Plaintiff be placed in 4-point restraints.[2] Plaintiff has presented evidence that a police officer handcuffed Plaintiff to the bed in the intensive care unit of the hospital and shackled his feet. A reasonable inference from the existing record is that Plaintiff remained so restrained until he was transferred to a mental health facility on April 6, 2006. Defendant Hospital simply fails to address, either in its summary judgment motion or its current

---

[1] Defendant Hospital does not object to Judge Purcell's finding that the undisputed facts are sufficient to satisfy the state action requirement of a § 1983 claim against a private party. Thus, further review of this issue is waived.

[2] An attending physician's report dated April 5, 2006, states that Plaintiff was placed in 4-point leather restraints, but a factual dispute regarding whether the restraints were leather or metal cannot be resolved by summary judgment.

objection, the issue of whether it can be determined as a matter of law that Plaintiff did not suffer serious pain or injury as a result of an alleged 3-day course of metal restraints. Therefore, the Court concurs in Judge Purcell's recommendation that summary judgment be denied at this time, without prejudice to Defendant Hospital's ability to file another summary judgment motion with respect to Plaintiff's § 1983 claim.

IT IS THEREFORE ORDERED that the Court adopts the Report and Recommendation [Doc. No. 87] and issues Judge Purcell's recommended rulings. This case remains under referral to Judge Purcell for further proceedings pursuant to 28 U.S.C. § 636(b)(1)(B).

IT IS ORDERED that Defendants' Motion to Dismiss Assistant District Attorney Hesse and Canadian County District Attorney's Office [Doc. No. 38] is GRANTED. Plaintiff has failed to state a claim for relief against Defendants Canadian County District Attorney and Paul Hesse, and therefore, dismissal of these defendants is appropriate under Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915A(b).

IT IS FURTHER ORDERED that Plaintiff's claims alleging malicious prosecution and claims under the Americans with Disabilities Act are dismissed as to all defendants pursuant to 28 U.S.C. § 1915A(b).

IT IS FURTHER ORDERED that Defendant Canadian Valley Hospital's Motion to Dismiss, on in the Alternative, Motion for Summary Judgment [Doc. No. 47] is DENIED, as set forth above.

IT IS SO ORDERED this  29th   day of September, 2008.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE